In accordance with the directives of the North Carolina Court of Appeals, the undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement, filed 6 March 1998, and at the initial hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case. The parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Cigna was the carrier on the risk at all relevant times.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on August 29, 1994, as a result of which the parties signed a Form 21 Agreement for Compensation.
5. Plaintiffs average weekly wage was $500.00, which yields a compensation rate of $333.35 per week.
6. Defendants filed a Form 28B on April 18, 1995.
7. The parties stipulated medical reports into the record:
a. Stipulated Exhibit 1 — Dr. Keller, two pages;
b. Stipulated Exhibit 2 — Dr. J. Robinson Hicks, 2 pages;
c. Stipulated Exhibit 3 — Upstate Medical Center Records, eight pages;
d. Stipulated Exhibit 4 — Dr. H. F. Barnhill of Rainbow Medical Center, sixteen pages;
e. Stipulated Exhibit 5 — Dr. John H. Cathcart, one page;
f. Stipulated Exhibit 6 — RoMed Occupational Medicine, three pages;
g. Stipulated Exhibit 7 — Dr. P. R. Hawkins, four pages; and,
h. Stipulated Exhibit 8 — Rock Hill Psychiatric Consultants, two pages.
***********
In accordance with the directives of the North Carolina Court of Appeals, and based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff began working for defendant-employer as a truck driver on 27 March 1992. Plaintiff was born on 15 August 1951. Plaintiffs duties required him to deliver new Freightliner cabs from the plant in Cleveland, North Carolina, to various locations throughout the United States and Canada. Trucks were piggybacked and decked for transport. This required use of a sixty-five pound toolbox, which the driver would transport with him. A driver would also have to lift and move saddles weighing seventy-five to one hundred and twenty-five pounds. Drivers were required to climb off and on the truck to undeck the saddles, as well as to enter and exit the truck. In addition, a driver would frequently be required to transport vehicles on a return trip.
2. On 29 August 1994, plaintiff sustained an injury when he struck his low back on a safety pole at Atlanta Freightliner.
3. On 3 October 1994, plaintiff began treatment with orthopedist Dr. J. Robinson Hicks. Dr. Hicks notes reflect that plaintiff complained of severe lower back pain, back spasms, and "occasional pain down into the left anterior thigh. Plaintiff was diagnosed as having "back pain with history of contusion and strain of the lumbar spine. Plaintiff was referred for two weeks of physical therapy, after which he was released to return to full duty work on 7 November 1994, and retained no permanent partial impairment.
4. The parties signed a Form 21 Agreement on 23 September 1994. However, the Agreement was never approved by the Industrial Commission. Plaintiff received temporary total disability benefits from 12 September 1994 through 23 October 1994. His last compensation check was paid on 12 October 1994.
5. On or about 3 October 1994, plaintiff returned to work with defendant-employer, where he continued to work until 7 March 1996 when he was terminated for being unable to perform his job due to increased back pain. Plaintiff did not seek work between March 1996 and March 1998.
6. On 11 March 1996, plaintiff returned to Dr. Barnhill, complaining of low back pain "radiating down both legs. An MRI revealed a bulging disc and disc degeneration at L3-4. Plaintiff was referred to Dr. Darwin W. Keller, whose notes reflect that plaintiff complained of "anterior thigh numbness and "weakness in his leg when it is numb. Dr. Keller advised against surgery, suspecting some symptom magnification on plaintiffs part.
7. On 30 October 1997, plaintiff was seen by Dr. Craig Brigham with complaints of back pain and numbness of the left leg. Dr. Brigham diagnosed plaintiff as having a herniated disc at L3-4. Dr. Brigham performed a microdiscectomy on the L3-4 level on 25 November 1997. Dr. Brigham testified that plaintiffs disc rupture was off to the side, with the result of impinging upon the left L3 nerve which runs down into the front part of the thigh.
8. In his deposition, Dr. Brigham was asked whether plaintiffs herniation diagnosed in 1997 could have been causally related to the 29 August 1994 injury. Dr. Brigham stated that based upon plaintiffs lack of complaints of pain going into the left leg in front of the thigh, the answer would be no. Thereafter, when Dr. Brigham was shown Dr. Hicks notes indicating plaintiffs initial complaint of anterior thigh pain following the August 1994 injury, Dr. Brigham acknowledged that he had not seen that statement before, and then changed his opinion and testified that based upon the existence of that complaint, it was "more likely than not that plaintiffs disc herniation occurred in 1994. Accordingly, based upon the expert opinion of Dr. Brigham, the undersigned find as a fact that plaintiffs disc herniation was causally related to the 1994 injury by accident.
9. Because of the pain associated with the herniated disc suffered by plaintiff as a result of his injury of 29 August 1994, he was unable to continue employment as a truck driver from 7 March 1996 until his release to return to work on 15 January 1998.
10. On 15 January 1998, Dr. Brigham found plaintiff to be at maximum medical improvement and released him to return to work without restrictions. Based upon the surgery, plaintiff was given a 5% permanent partial disability rating to his back.
***********
In accordance with the directives of the North Carolina Court of Appeals, and based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiffs 29 August 1994 injury by accident arose out of and in the course of his employment with defendant-employer. N.C. Gen Stat. 97-2(6).
2. As a result of his injury by accident, plaintiff suffered a herniated disc at the L3-4 level, which by 7 March 1996, resulted in his total disability. N.C. Gen Stat. 97-2(9).
3. Plaintiff is entitled to temporary total disability compensation in the amount of $333.35 per week from 7 March 1996 through 15 January 1998, when he reached maximum medical improvement. N.C. Gen Stat. 97-29.
4. Plaintiff is entitled to compensation at the rate of $333.35 per week for 15 weeks for the 5% permanent partial disability rating of his back. N.C. Gen Stat. 97-31(23).
5. Plaintiff is entitled to payment by defendants for all medical treatment related to his compensable injury. N.C. Gen Stat. 97-25.
***********
In accordance with the directives of the North Carolina Court of Appeals, and based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff temporary total disability compensation in the weekly amount of $333.35 for the period of time from 7 March 1996 through 15 January 1998. Payment shall be made in a lump sum, subject to the attorney fee approved below.
2. Defendants shall pay plaintiff a total of $5,000.25 in compensation for a 5% permanent partial disability to his back. Payment shall be made in a lump sum, subject to the attorney fee approved below.
3. Defendants shall pay for all medical treatment relating to plaintiffs compensable injury which is reasonably necessary to effect a cure or give relief from his compensable injury.
4. Plaintiffs counsel shall receive a reasonable attorneys fee of 25% of plaintiffs recovery in paragraphs 1 and 2 above. Payment shall be deducted from plaintiffs lump sum payments and be paid directly to plaintiffs counsel.
5. Defendants shall pay the costs of this action.
***********
This the ___ day of October, 2000.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER